F. M. WAGER *vs.* EDWARD P. BROOKS and another, impleaded, etc.

November 7, 1887.

**Promissory Note—Principal and Surety—Alteration after Delivery.—**
H. owed W. $1,035. B. proposed to W. that if he would extend the time of payment for one year, and take H.'s note for the debt, payable in a year, he (B.) would indorse the note as a joint maker; and he signed his name on the back of a note payable to W. for that amount, and on that time, and left it with H. to be delivered to W. on the latter accepting the proposition, which condition W. knew. The latter refused the proposition, whereupon H. paid him $310, which was indorsed as a payment on the note, and it was delivered by H. to W. *Held,* that B. was not bound by such delivery of the note, and as to him the note was not valid.

Appeal by the defendants Edward P. Brooks and Helen H. Brooks, (impleaded with Theodore G. Huntington,) from an order of the district court for Hennepin county, *Lochren,* J., presiding, sustaining a demurrer to their separate answer.

*S. L. Pierce,* for appellants.

*Grimes & McDowell,* for respondent.

GILFILLAN, C. J. Action on a promissory note for $1,035, payable to plaintiff in one year from its date, to wit, September 13, 1884, signed by defendant Huntington, and, as alleged in the complaint, indorsed by defendants Brooks before its delivery, for the purpose of giving it credit, thus making them joint makers with Huntington. The defendants Brooks answer, alleging, in effect, that Huntington owed plaintiff a note for $1,034, due September 12, 1884; that when that note became due they proposed to plaintiff that, if he would extend the time of payment of the indebtedness for one year, and take Huntington's new note therefor payable in one year, they, in con-

sideration thereof, and on no other consideration, would indorse said new note; and at the same time they indorsed the note in suit, and left it with Huntington, to be delivered to plaintiff on the sole condition that he would accept said proposition; that plaintiff refused to accept the offer and note, and afterwards, on October 10, 1884, he and Huntington, without the knowledge and consent of the defendants Brooks, made a new and different agreement, by which plaintiff required Huntington to pay, and he did pay, of the indebtedness, $310, and that sum was agreed to be indorsed, and was indorsed, on the new note, and that the same was thereupon delivered to plaintiff; which transaction was without the knowledge or consent of the defendants Brooks. A demurrer to this answer was sustained.

The transaction of October 10th was in effect an extension of the time of payment of a part only of the original indebtedness, and the taking of a new note for that part, instead of for the whole, as required by the condition upon which, so far as the Brooks were concerned, the note was to be delivered. It could not take effect as a contract until delivered to plaintiff, and there was no right in Huntington, who made the delivery, to deliver it, so far as they were concerned, except on the condition imposed by the Brooks; and if he did deliver it in violation of that condition, and that was known to plaintiff, such delivery was ineffectual as to them. We have no right to speculate on whether the transaction of October 10th was better for them than that they proposed as the condition of their becoming liable. They may have had reasons, good and sufficient in their minds, for the condition on which they agreed to become bound. As precedent to their becoming liable, they had a right to fix upon any condition they pleased. The note sued on, being different in effect from the one they authorized to be delivered, was never a valid note as to them. *Portage Co. Branch Bank* v. *Lane*, 8 Ohio St. 405.

Order reversed.